IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRELL PARKS,** | : |
| **Plaintiff** | : CIVIL NO. 1:14-CV-00870 |
| v. | : (Judge Rambo) |
| **UNITED STATES,** | : |
| **Defendant** | : |

# M E M O R A N D U M

Presently before the court is Plaintiff Darrell Parks' motion for relief from a final order pursuant to Federal Rule of Civil Procedure 60(b)(1). (Doc. 27.) For the reasons set forth below, the motion will be denied.

## I.     **Procedural Background**

Plaintiff filed the instant complaint on May 6, 2014, alleging claims under the Federal Tort Claims Act against the United States. (Doc. 1.) After filing the complaint, this court sent Plaintiff a copy of its Standing Practice Order in Pro Se Plaintiff Cases, which states, among other things, that pro se plaintiffs are responsible for filing a brief in opposition to a motion within fourteen days of the filing of the motion, or risk having the motion granted as unopposed. (Doc. 5.) On July 10, 2014, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 10.) On September 12, 2014, Plaintiff filed his first motion for an extension of time to file a brief in opposition to Defendant's motion to dismiss. (Doc. 13.)

Notwithstanding the untimeliness of the motion, this court granted Plaintiff an extension until November 11, 2014, to file his brief in opposition. (Doc. 14.)

On November 24, 2014, Plaintiff filed another motion for an extension of time. (Doc. 15.) Again, despite the untimeliness of the motion, this court granted Plaintiff an extension until January 11, 2015, to file his brief in opposition. (Doc. 16.) On March 4, 2015, Plaintiff filed for another extension of time in which to file his brief in opposition. (Doc. 20.) Given the previous ample extensions of time that were granted, as well as Plaintiff's tardiness in requesting his third extension, this court denied Plaintiff's motion for an extension of time and granted Defendant's motion to dismiss. (Doc. 21.)

On May 18, 2015, Plaintiff filed a "Motion for Leave to Seal Documents" in this case. (Doc. 23.) Because it appeared that Plaintiff had not received the order dismissing his complaint, this court ordered that Plaintiff be mailed a copy of its previous order, and that Plaintiff show cause by September 1, 2015, why the action should not remain closed. (Doc. 25.) On September 14, 2015, having not received any response from Plaintiff, this court again ordered that the action be dismissed. (Doc. 26.)

On November 3, 2015, Plaintiff filed the instant motion requesting that his case be reopened pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 27.) For the reasons set forth below, the motion will be denied.

## II.  Legal Standard

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that a district court may "relieve a party or its legal representative from a final judgment, order, or proceeding" in cases involving "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1, 6). Such a motion is "directed to the sound discretion of the trial court and its exercise of that discretion will not be disturbed unless there was a clear abuse." *Hodge v. Hodge*, 621 F.2d 590, 593 (3d Cir. 1980) (quoting *Giordano v. McCartney*, 385 F.2d 154, 155 (3d Cir. 1967)). A movant seeking relief under subsection six (for "any other reason that justifies relief") must show "extraordinary circumstances" to justify relief. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

**III. Discussion**

Plaintiff argues that this court should grant relief under Rule 60(b) because his failure to comply with filing deadlines constituted "excusable neglect" because he was litigating at least four other cases pro se while incarcerated in a special management unit, where he had limited access to legal research materials. (Doc. 28 at 3–4.) Plaintiff is correct to point out that "excusable neglect" can, in some circumstances, encompass a failure to meet filing deadlines. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 394 (1993). When determining whether such a failure constitutes excusable neglect, a court ought to consider "all relevant circumstances surrounding the party's omission," including "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, *see also George Harms Const. Co., Inc. v. Chao*, 371 F.3d 156, 163–64 (3d Cir. 2004).

In the instant case, the first and fourth factors appear rather evenly balanced. The extensive delay in this case prejudices both parties, as it makes it more difficult to gather needed evidence. It is furthermore difficult to determine whether Plaintiff has acted in good faith, as the extensive delays in even filing for an extension are difficult

to explain.  However, even assuming that Plaintiff has acted in good faith, this consideration is strongly outweighed by a consideration of the second and third factors, as well as by a consideration of the general circumstances of the case.

By the time Plaintiff filed his third motion for an extension of time, nearly 8 months had passed since Defendant filed its motion to dismiss, and nearly two months had passed since the deadline lapsed on Plaintiff's previous timely extension. (*See* Docs. 16, 20.)  While Plaintiff's incarceration may have made it extremely difficult to accomplish the necessary legal research to file his brief in opposition, those constraints cannot reasonably be used to explain his negligence in timely filing for another extension.  Plaintiff avers that he was unable to file his brief in opposition because he was transferred to another institution on March 5, 2015 (Doc. 27-1 at 2), yet his brief was due on January 11, 2015.  (Doc. 16.)  Had Plaintiff filed his motion for extension of time sooner, he likely would have been able to extend his deadline past the date of his transfer.  Furthermore, even if this court were to overlook that particular lapse, Plaintiff also failed to respond to this court's order of August 19, 2015, in which it explicitly directed Plaintiff to show cause why his case should not remain closed.[1]  Given these lengthy delays, Plaintiff's consistent inability to file for a

---

[1] Plaintiff avers that he did not receive the August 19, 2015 order (Doc. 27-1 at 3).  However, the order was not returned to the court as undelivered, so it was presumably delivered to Plaintiff's latest

timely extension, and Plaintiff's inability to respond to the court's last order, this court finds that Plaintiff's neglect of his case is not excusable.

Plaintiff argues in the alternative that his case should be reopened for "any other reason that justifies relief." (Doc. 28 at 4–5 (citing Fed. R. Civ. P. 60(b)(6))). A district court may only grant relief under this subsection for "extraordinary circumstances." *Gonzalez,* 545 U.S. at 535. Plaintiff argues that his health problems, combined with his transfer to another institution, constitute such extraordinary circumstances. ( Doc. 28 at 4–5.) Again, by the time Plaintiff was transferred in March, 2015, his brief was already nearly two months past the extended filing deadline. While Plaintiff's health problems and his transfer may have been out of his control, they still do not adequately explain why he was incapable of filing for another extension in January (when such an extension should have been filed). Furthermore, these circumstances are not so extraordinary as to justify relief from a final order under Rule 60(b)(6).

---

address on file.

### III. Conclusion

Because Plaintiff has not demonstrated either excusable neglect or other extraordinary circumstances, this court will deny Plaintiff's Rule 60(b) motion for relief from a final order. Plaintiff's complaint will remain dismissed and the case will remain closed. An appropriate order will follow

                                          s/Sylvia H. Rambo
                                          _____
                                          United States District Judge